GREGORY, Circuit Judge,
concurring in the judgment.
Victoria Butler (“Ms. Butler”) received the appropriate due process because the College of William and Mary followed the procedures outlined in both the Honor Code and the Counseling Program handbooks. For this reason, I concur in the judgment to affirm the district court.
Ms. Butler has alleged that the College of William and Mary breached its contract with her by not affording her the proper procedure when she was expelled from the Counseling Program. She claims that her expulsion was for “disciplinary” reasons stemming from her failed Practicum site, where she was accused of lying. Ms. Butler argues that if she had not been accused of lying she would not have been expelled. Ms. Butler believes that because she was ultimately acquitted of the Honor Code[1] charges related to her Practicum, the Counseling Program faculty should be foreclosed from using the same conduct as the basis for her expulsion. In the alternative, Ms. Butler contends that she was at least entitled to another hearing.
In early Spring semester 2002, Dr. Teri Ancellotti, a member of the Counseling Program faculty, became aware of problems that Ms. Butler was having at her Practicum site. After contacting the supervisor at the Practicum site, Dr. Ancelotti and Ms. Butler’s doctoral student ad-visor, Mr. Frank, called Ms. Butler in for an “information-gathering meeting” to dis *522 cuss their concerns that Ms. Butler had been deceitful in obtaining approval for her Practicum site and that she had been behaving unprofessionally at the site. The meeting was followed by a series of remedial procedures which are outlined in the Counseling Program student handbook. A few days after speaking with Ms. Butler about the problems at the site, Dr. Ancellotti and Mr. Frank reported Ms. Butler to the Honor Council based upon the same facts that gave rise to the remedial actions occurring in the Counseling Program.
Ms. Butler was charged with five separate counts of lying at her Practicum site and was given an Honor Council hearing to address those charges. The Honor Council found her guilty of two counts of lying. Ms. Butler appealed. Professor John E. Donaldson, Provost’s designee to review appeals, reviewed the entire complaint and found that the Honor Council lacked jurisdiction in four of the five counts of lying. He also found that there was insufficient evidence to establish guilt beyond a reasonable doubt on the remaining count. Professor Donaldson’s findings vacated the Honor Council’s findings of guilt and acquitted Ms. Butler of all Honor Code charges.
However, the Honor Council proceedings were separate and a part from the remedial procedures implemented by the Counseling Program faculty. The Counseling Program has a student handbook, to which Ms. Butler must also adhere.[2] The handbook provides in relevant part:
Students are expected [to] conduct themselves in an ethical, responsible and professional manner. As counselor educators, the faculty expect prospective counselors to be concerned about other people, to be stable and psychologically well adjusted, ... and to be able to receive and give constructive feedback.
Therefore, the faculty believe part of their responsibility to the student, the profession and the eventual consumers of counseling services provided by William and Mary graduates, is to monitor not only students’ academic progress but also those personal characteristics which will affect their performance in the field. The purposes of this monitoring process is that William & Mary graduates possess these characteristics sufficiently so that they do NOT interfere with their professionalism or helping capacity.
J.A. 555 (emphasis added).
According to the Counseling Program handbook, all Counseling Program students are reviewed each semester by the faculty for compliance with the non-academic professional performance standards. The non-academic professional performance standards include “attention to ethical and legal considerations.”[3] J.A. 556. Based on the handbook, detailed infra, the Counseling Program faculty designated certain personal characteristics that are directly linked to the academic program and the profession, which are to be monitored by the faculty. The faculty support the monitoring and remedial procedure instituted by articulating how these particular personal characteristics are integral to a student becoming a competent counselor. *523 Ms. Butler’s contention that the Counseling Program faculty is bound by the proceedings before the Honor Council is meritless — they are distinct entities.
The Counseling Program handbook provides the following procedure if a student does not receive a passing rating under the performance standards:
Each standard is rated on a 1 (poor) to 5 (excellent) scale. The results of the review are recorded on each student’s Semester Review Form .... [s]tudents receiving a rating of 2 or below on the non-academic, professional performance standards will be subject to the following procedure:
1. The student is presented in writing with a copy of the review form and the professor’s comments. A copy of the form is also given to the full faculty and discussed in the next student review meeting. After the faculty discussion, the student and the professor will also meet to discuss the form and any recommended remediation deemed appropriate.
2. If a student receives more than one review form during any one semester OR receives a review form from more than one professor during his/her program, the student will be required to meet with his or her advisor and the faculty member(s) issuing the forms to discuss remediation or possible reconsideration of his/her continuation in the program. A copy of the forms and any action taken will be given to the student and placed in the student’s file.
3. If a student receives three review forms or more, the student will be required to meet with [sic] his/her advisor and the faculty members issuing the forms to discuss reconsideration of continuation in the program. If the faculty determines that the student’s personal or professional behavior is inappropriate to the field of counseling, and that such behaviors would be a detriment in working with others, the denial [of] continuance in the program will be recommended to the Associate Dean.
Policies for review of student during Practicum and Internship include the above criteria and procedures as well as additional criteria appropriate to the clinical experience.
J.A. 556.
As stated, Dr. Ancellotti and Mr. Frank, met with Ms. Butler, in the early part of the Spring Semester, to discuss their concerns that Ms. Butler had engaged in professionally unacceptable behavior with clients at her Practicum site. Following that discussion, Ms. Butler received her first unsatisfactory Semester Review based on the problems at her Practicum site. Ms. Butler also received a letter from the faculty regarding her failed Practicum, which included several different issues regarding Ms. Butler’s personal characteristics and how they affected her professionalism. The letter included professional determinations by the faculty that: she gave inaccurate information to clients, attempted to provide individual private-home counseling services without supervision, “knowingly presented] false information about the field site that was critical to the site approval process,” and that she “contradicted specific directives by the Practicum faculty and supervisor to cease activities at the field site.” J.A. 653. The faculty’s concerns are directly related to Ms. Butler’s lack of attention to ethical and legal considerations — one of the Counseling Program’s professional performance standards. Ms. Butler’s continuance in the program was contingent on her receiving a rating of level 3 or higher for her professional personal performance criteria and on following the other directives in the remedial plan. Thereafter, Ms. Butler *524 met monthly with her advisor to chart her progress.
Approximately a month later, Ms. Butler’s advisor informed her that she had received two more unsatisfactory Semester Reviews from faculty — rating her at a level 1 on several professional performance standards.[4] The Counseling Program Student handbook expressly provides that receiving three unsatisfactory Semester Reviews could result in expulsion. After Ms. Butler received her final two unsatisfactory Semester Reviews she met with faculty members about them. Subsequently, the Counseling Program faculty convened as a whole and recommended to the Associate Dean of the School of Education that she be dismissed.
The Associate Dean reviewed Ms. Butler’s record and elected to follow the faculty’s recommendation. At the Associate Dean’s request, the Dean of the School of Education reviewed that decision. Before making a final decision, the Dean met with Ms. Butler to give her the opportunity to respond to the faculty’s evaluations and recommendation. Ultimately, the Dean accepted the faculty’s recommendation and the Associate Dean’s decision and dismissed Ms. Butler. It was only after all of these steps, in direct compliance with the Counseling Program handbook, was Ms. Butler denied continued enrollment.
The faculty followed the criteria and procedure outlined in Counseling Program handbook and afforded Ms. Butler sufficient opportunities to meet the requirements of the Program. Based on the particular facts of this case, Ms. Butler received the prescribed due process. Because Ms. Butler was afforded the proper due process and William and Mary adhered to both the Honor Code and to the Counseling Program handbooks, the district court was correct — -there was insufficient evidence to support Ms. Butler’s claim for breach of contract or tortious interference with a contract. For the reasons stated herein, I would affirm the district court.

. The College of William and Mary’s Honor Council, which enforces the Honor Code, is a completely student run process that has jurisdiction over charges of lying, cheating, or stealing. Those accused of an Honor Code violation are granted trial-like procedures with a list of rights, including: a right to receive written notice of the charges against her, the right to have another willing student act as her student counsel, and the right to have silent legal counsel present.

. Ms. Butler testified that she received the Counseling Program student handbook in the fall 2001 and read and understood the handbook. J.A. 73, 129.

. Incidents of lying related to the counseling profession bring into question a student's “attention to ethical and legal considerations” as well as implicate violations of the Honor Code.

. Specifically, the Semester Reviews rated Ms. Butler at a level 1 — for cooperativeness with others, willingness to accept and use feedback, awareness of own impact on others, ability to deal with conflict, ability to accept personal responsibility, and ability to express feelings effectively and appropriately. J.A. 659-664.